J-S14018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK A. BROWN | : | |
| | : | |
| Appellant | : | No. 3014 EDA 2024 |

Appeal from the PCRA Order Entered October 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0306772-1990

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                          **FILED JULY 3, 2025**

Mark A. Brown ("Brown") appeals pro se from the order dismissing his sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Brown filed an untimely PCRA petition and failed to establish an exception to the PCRA time bar, we affirm.

On October 24, 1988, Brown ordered other individuals of his drug ring to kill the victim.  The victim was beaten to death and his body was set on fire.  On November 21, 1990, a jury found Brown guilty of first-degree murder, arson, and corrupt organizations.  The trial court sentenced Brown to serve life in prison for murder, a consecutive sentence of forty-three to eighty-six

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

months on the corrupt organizations conviction, and no further penalty for the arson conviction. This Court affirmed the judgment of sentence on April 5, 1995. *See Commonwealth v. Brown*, 663 A.2d 245 (Pa. Super. Apr. 5, 1995) (non-precedential decision).

Brown subsequently filed three PCRA petitions, all of which were dismissed. On March 31, 2008, Brown filed a pro se petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. On October 9, 2008, the district court granted the writ solely as to the corrupt organizations conviction. The court vacated the conviction and remanded to the Philadelphia County Court of Common Pleas ("trial court") for resentencing. *See Brown v. Kerestes*, 2008 WL 4570562, at *1 (E.D. Pa. Oct. 9, 2008).

On January 7, 2009, the trial court entered an order vacating the sentence as to the corrupt organizations charge and resentenced him to life in prison for first degree murder and no further penalty for arson. Brown appealed, and this Court vacated his new sentence because Brown did not have counsel during resentencing; we remanded the matter for the appointment of counsel and resentencing. *See Commonwealth v. Brown*, 457 EDA 2009 (Pa. Super. Aug. 17, 2010) (non-precedential decision). On December 6, 2010, the trial court again resentenced Brown to serve life in prison on the first-degree murder conviction. This Court affirmed, and the Pennsylvania Supreme Court denied Brown's petition for allowance of appeal.

*See Commonwealth v. Brown*, 34 EDA 2011 (Pa. Super. Sept. 20, 2012) (non-precedential decision), *appeal denied*, 65 A.3d 412 (Pa. 2013).

On May 3, 2013, Brown filed a PCRA petition, which the PCRA court dismissed as untimely on September 6, 2016. This Court affirmed. *See Commonwealth v. Brown*, 3007 EDA 2016, 2017 WL 2772683 (Pa. Super. June 26, 2017) (non-precedential decision), *appeal denied*, 182 A.3d 439 (Pa. 2018). This Court found that a grant of federal habeas corpus relief for the corrupt organizations conviction did not "reset the clock" for Brown's judgment of sentence. *Id.* at *8 (quoting *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008)).

On July 6, 2018, Brown filed a fifth PCRA petition. The PCRA court dismissed the petition, and this Court affirmed. *See Commonwealth v. Brown*, 802 EDA 2019 (Pa. Super. Feb. 20, 2020) (non-precedential decision).

On December 1, 2021, Brown filed the instant pro se PCRA petition, wherein he attempted to invoke the newly-discovered fact exception and cited evidence of misconduct committed by former Detective Manual Santiago. The PCRA court dismissed the petition on October 8, 2024, finding the petition was untimely and Brown failed to explain what misconduct Detective Santiago committed in this case or how such misconduct affected his case. Brown filed a timely appeal and presents the following issue for our review: "Whether [Brown] is entitled to relief under the Post Conviction Relief Act on the basis

of newly discovered evidence pertaining to Officer Manuel Santiago." Brown's Brief at 3.

The threshold question that must be determined is whether Brown timely filed his sixth PCRA petition or, in the alternative, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA was timely filed.") (quotation marks and citation omitted). "It is well-established that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction and cannot grant relief." *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022). "The question of whether a petition is timely raises a question of law." *Commonwealth v. Taylor*, 65 A.3d 462, 568 (Pa. Super. 2013) (citation omitted). "Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Id.* (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

- 4 -

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of the above exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Here, Brown's judgment of sentence became final on May 5, 1995, after the time to seek review with the Pennsylvania Supreme Court expired. *Id.* § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also McKeever*, 947 A.2d at 785. Brown had until May 5, 1996, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Therefore, the instant PCRA petition, which Brown filed on December 1, 2021, is facially untimely.

Brown raises the newly-discovered facts timeliness exception. In support thereof, he states that former Detective Santiago was the "critical police officer" in his case, as Detective Santiago questioned him on October 8, 1988, and January 18, 1990. *See* Brown's Brief at 8-10. Brown argues he

timely filed his PCRA petition invoking the newly-discovered fact exception because former Detective Santiago was indicted for perjury and false swearing in an unrelated case on August 13, 2021, and he filed this petition on December 1, 2021, which was within the one-year period required. *Id.* at 8-9.

The newly-discovered facts timeliness exception requires Brown to establish: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176-77 (Pa. Super. 2015) (citation and emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1)(ii).

Here, Brown fails to explain how former Detective Santiago's conduct affected his case. Brown simply states that Detective Santiago was involved in misconduct, and that this misconduct supports a "pattern and practice [that] would have changed the outcome of the trial" because the detective would have been "discredited." Brown's Brief at 9. However, Brown does not articulate what, if any, misconduct Detective Santiago committed in this case, or any nexus between Detective Santiago's alleged, unrelated misconduct and his case. *See Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (determining that in order to satisfy the newly-discovered fact exception based on a police officer's misconduct in an unrelated matter, the petitioner must demonstrate a "nexus" between their case and the officer's misconduct in the unrelated case). Accordingly, we conclude that evidence of

Detective Santiago's alleged misconduct in another matter does not satisfy the newly-discovered fact exception to the PCRA's time bar here.

Brown has failed to sufficiently plead and prove any exception to the PCRA's time bar. Therefore, the PCRA court did not have jurisdiction to decide the merits of Brown's PCRA petition and we likewise lack jurisdiction to consider the claims he raises on appeal.[2]

Order affirmed. Motion for Remand denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/3/2025

---

[2] Brown filed a motion for remand to the PCRA court to amend his PCRA petition with an additional newly-discovered fact claim. Motion for Remand, 4/4/2025. It is well settled that a "new claim, alleged in a remand motion before this Court during the pendency of a PCRA appeal, must be filed as a second PCRA petition, which may not be filed until this Court completes its review of the pending PCRA matter." *Commonwealth v. Porter*, 35 A.3d 4, 14 (Pa. 2012) (citation omitted). Thus, we deny Brown's motion for remand. Brown is free to file a new PCRA petition within one year of the date this appeal is finally resolved. *See Commonwealth v. Beatty*, 207 A.3d 957, 963 (Pa. Super. 2019) ("Where a prior petition is pending on appeal, a subsequent petition must be filed within the time limits set forth in [s]ection 9545(b)(2) as measured from the date of the order that finally resolves the appeal in the prior petition, because that date is the first date the claim could be presented.").